## ALEXANDER B. GROGAN, Petitioner, v. COUNTY COURT OF SAN FRANCISCO.

### No. 2123; July 22, 1870.

**Certiorari—Scope of Writ.—When by the Constitutional Amendment** of 1863 the power to issue a certiorari was secured to the supreme court, the writ was not purely the common-law writ of that name, but the statutory writ here when the amendment passed or as it might be thereafter through statutory regulation.

**Certiorari—Scope of Writ.—By Its Enactments in Respect of** the writ of certiorari, the legislature intended to permit this summary remedy for a usurpation of jurisdiction only in cases where there is no appeal allowed by law, whereby the error of the inferior court, officer or tribunal may be corrected, and where there is no other plain, speedy and adequate remedy.

**Extension of Streets.—Any Person Aggrieved by the Report of** the Commissioners appointed by the county court under the act of 1864, authorizing the board of supervisors to extend streets, might appeal to the supreme court; and the court thus appealed to might then review the report, or the proceedings of the commissioners or of the court, or any or all of them, upon matters of law, or confirm, correct, modify or set aside the report.

**Widening Streets in San Francisco.—In the Act (Stats. 1867-68,** 555) repealing the act of 1864, the proviso that nothing therein should affect "any proceedings taken, or to be taken, to widen Kearny and Third streets or to the extension of Montgomery street," etc., included the whole proceeding relating to the extension of Montgomery and Connecticut streets, which was but one proceeding; and it is not to be presumed that the legislature intended to preserve a part of the proceeding and to defeat the remainder.

Certiorari, San Francisco County.

Doyle & Barber for petitioner.

CROCKETT, J.—This is a proceeding by certiorari to review the action of the county court in proceedings pending before it for the extension of Montgomery and Connecticut streets, in the city of San Francisco, under an act passed in 1864, authorizing the board of supervisors to extend streets: Stats. 1863–64, 347. At the time when the writ of certiorari issued from this court the proceedings in the county court

were in fieri; the court having proceeded no further than the appointment of commissioners to assess the damages and apportion them on the property to be benefited by the improvement. But the commissioners had not made their report, and it is claimed on behalf of the relator that the county court never acquired jurisdiction of the proceeding, and that it exceeded its jurisdiction in undertaking to appoint commissioners. It is this alleged excess of jurisdiction which is sought to be corrected in this proceeding.

In reply, the respondents claim that the writ of certiorari cannot properly issue in such a case, because, as they allege, section 456 of the Practice Act defines the only cases in which the writ can issue, to wit, where the inferior court, board or officer has exceeded its or his jurisdiction, "and there is no appeal, nor in the judgment of the court any plain, speedy and adequate remedy"; and it is insisted that the act under which the proceedings were instituted expressly provides for an appeal, in which the whole action of the county court, including the appointment of commissioners, can be reviewed and set aside, if in any respect erroneous or even void for want of jurisdiction. On the other hand, the counsel for relator claims that the constitution confers on this court the power to issue writs of certiorari; that the necessary inference is that it was to be the writ as known at common law, and the legislature has not the power to restrict or trammel us in the exercise of a jurisdiction conferred by the constitution; that at common law the writ could issue to correct a usurpation of jurisdiction by inferior courts at any stage of the proceedings, and even though an appeal would lie from the final judgment, and that this court can issue the writ in like cases even though the statute attempted to prohibit it; but that in fact no appeal lies from the action of the court in the appointment of commissioners, but only for errors in the report and the proceedings subsequent to the appointment of commissioners.

He further claims that the act of 1864, under which the proceedings were commenced, has been wholly repealed by a subsequent statute (Stats. 1867–68, 555), and that though there is a proviso in the repealing act which might preserve from its operation the proceeding to extend Montgomery street, the proviso does not include the proceeding to extend

Connecticut street; and inasmuch as the two proceedings are so blended together that they cannot be separated, the proviso is inoperative for any purpose.

By an order of the court the argument of counsel has been confined, for the present, to these preliminary questions, which we now proceed to discuss.

At the first session of the legislature in this state this court was authorized by statute to issue writs of certiorari, and at the next succeeding session the writ was regulated by law and the cases prescribed in which it might issue. Section 456 of the code was then adopted, which defines in what cases the writ may issue and in what manner it shall be served. From that date to this the writ as regulated by statute has been in common use in this state. But by an amendment to the constitution, made in 1863, the right to issue the writ was for the first time secured to this court by a constitutional provision. The writ, as regulated by the statute, had then been in use for more than twelve years and had become familiar to the public and the profession. When the power to issue it was secured to this court by the constitutional amendment of 1863, the writ of certiorari which we were thereby empowered to issue was not purely the writ of that name as known at common law, but the writ as then in use in this state, and as the same then was or might thereafter be regulated by statute. The amendment to the constitution was not intended to define the character of the writ as known at common law, but only to secure to this court the right to issue the statutory writ of that name. The powers, therefore, which we can exercise under this writ are those prescribed by the statute so long as there is a statute in force defining in what cases and under what circumstances the writ shall issue. If there were no statute of that kind in force, we doubtless could issue the writ by virtue of the power conferred upon us by the constitution in such cases as we might deem it appropriate to issue it. But it will be time enough to deal with that question when it arises.

There is much force in the argument of relator's counsel to the effect that it would be the wiser rule to restrain a usurpation of jurisdiction at its first incipient step in the progress of a cause, and thus avoid the expense and delay of the subsequent proceedings, rather than to await the final

judgment and by appeal correct the error. We do not deem it necessary to inquire whether or not this was the rule at common law, nor whether it be the better and wiser rule, inasmuch as the statute provides that a writ of certiorari shall issue only when "there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy." The counsel insists that this limitation in the statute was intended to prohibit the writ only when there is an appeal directly from the order or proceeding complained of; and that unless there be such appeal, the writ will lie, even though there may be an appeal from the final judgment on which the question of usurpation of jurisdiction might be reviewed and the proper remedy applied. But we think this is not the proper construction of the statute. The intention of the legislature was to permit this summary remedy for a usurpation of jurisdiction only in cases where there is no appeal allowed by law, whereby the error of the inferior court, officer or tribunal in that behalf may be corrected and where there is no other plain, speedy and adequate remedy. As we interpret the statute, it was not intended to permit a writ of certiorari to issue in any case wherein an appeal can be prosecuted, on the hearing of which the excess of jurisdiction may be corrected. There are doubtless many cases in which it would be better to permit the question of jurisdiction to be settled in advance of the subsequent proceedings. This case, perhaps, presents a striking illustration of the propriety of this course; and it is unfortunate for all the parties in interest that the question of jurisdiction cannot be now finally decided before the expensive and necessarily tardy proceedings which are to occur will authorize an appeal. But the fault, if there be any, is in the statute, and the courts are powerless to remedy it.

The next point to be considered is, whether or not on an appeal from the final judgment in this case this court could review and set aside, if erroneous, the action of the county court in the appointment of commissioners. The act not only authorizes any person who is aggrieved by the report of the commissioners to appeal to this court, but it empowers us on the appeal to review the report or the proceedings of the commissioners or the court, or any or all of them, upon matters of law, and to confirm, correct, modify or set aside the

report. The power appears to be ample to correct all errors from the first incipient step in the county court down to and including the report and its confirmation. If the court exceeded its authority in the appointment of commissioners, or committed any other error of law from the time it first assumed jurisdiction over the proceeding, we entertain no doubt whatever that the error can be corrected on appeal.

The only remaining point is, whether or not this right of appeal has been abrogated by the repealing act. It is conceded that the pending proceeding for the extension of Montgomery street was reserved in express terms from the operation of the repealing act. But there was blended with the proceeding for extending Montgomery street a proceeding also for extending Connecticut street. It was, in fact, but one proceeding, by which Montgomery street was to .be extended southerly and Connecticut street northerly in the same line until the two streets met, so that thereafter they would form one continuous street.

The provision in the repealing act is as follows: "Provided nothing herein contained shall affect any proceedings taken, or to be taken, to widen Kearny and Third streets, or to the extension of Montgomery street, or to the extension of Second street through to Montgomery street in the city and county of San Francisco; but such proceedings may be continued, perfected and concluded, in all respects, the same as if said act was in full force and effect."

We think the proviso included the whole proceeding relating to the extension of Montgomery and Connecticut streets, which was in fact but one proceeding, and it is not to be supposed that the legislature intended to preserve a part of the proceeding and to defeat the remainder.

On the whole, our conclusion is that this is not a proper case for certiorari, and the writ is therefore dismissed.

We concur: Rhodes, C. J.; Wallace, J.; Temple, J.